**John A. TAYLOR, Petitioner,**

v.

**CLINCHFIELD COAL CO.; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 87–3852.

United States Court of Appeals,
Fourth Circuit.

Argued April 14, 1989.

Decided Feb. 5, 1990.

Sherry Lee Wilson (Client Centered Legal Services of Southwest Virginia, Inc., on brief) for petitioner.

Michael Francis Blair (Penn, Stuart, Eskridge & Jones, Abingdon, Va., on brief) for respondents.

Before ERVIN, Chief Judge, and WIDENER and WILKINS, Circuit Judges.

WIDENER, Circuit Judge:

John A. Taylor seeks review of the decision of the Benefits Review Board affirming the denial of his claim for disability benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. §§ 901 *et seq.* (1986). The Board upheld the determination of the Administrative Law Judge that Clinchfield Coal Company had successfully rebutted claimant's presumption of total disability due to pneumoconiosis. On appeal, Taylor argues that application of the interim Labor Department regulation rebuttal provisions, 20 C.F.R. § 727.203(b)(3) and (4), to find rebuttal of his claim, violates 30 U.S.C. § 902(f). We agree with that argument and remand the case for further consideration under the interim Health, Education and Welfare regulation rebuttal provisions found in 20 C.F.R. § 410.490(c).

Taylor applied for Black Lung benefits on November 5, 1976. Initially, the benefits were awarded. Clinchfield Coal Company was named the responsible operator having been Taylor's final employer for a period of more than one year. Clinchfield filed a controversion.

A hearing was held on December 14, 1983, before an Administrative Law Judge who denied the claim on October 26, 1984, having evaluated the claim under the interim Labor Department regulations, 20 C.F.R. § 727.203. The ALJ invoked the interim presumption provided for in § 727.203(a)(3), finding that Taylor satisfied the 10–year requirement of coal mine employment and was totally disabled by pneumoconiosis based on qualifying arterial blood gas studies. However, the ALJ went further and found the presumption rebutted pursuant to § 727.203(b)(3) and (4). He concluded that the physicians' opinions in the record supported his finding of rebuttal that Taylor did not have pneumoconiosis under § 727.203(b)(4) and was "not totally disabled from this disease" under § 727.203(b)(3).[1] The Board affirmed the ALJ's decision on May 14, 1987. This appeal followed.

---

1. In this case, the ALJ determined that the evidence established that Taylor does not have pneumoconiosis, nor was he totally disabled from the disease. From that finding, the ALJ concluded that the presumption was rebutted under § 727.203(b)(3) and (4).

Rebuttal under § 727.203(b)(3), however, is accomplished by showing that claimant's total disability "did not arise in whole or in part out of coal mine employment." So, the conclusion drawn by the ALJ from his findings of fact will not support a finding of rebuttal under (b)(3) as to causation. That finding is quite obviously erroneous as a matter of law.

Taylor is 55 years old. The record shows that he worked about 12 years in coal mines, his most recent employment being with Clinchfield ending in 1972. Taylor smoked approximately one pack of cigarettes a day for 30 years. He is also 20 pounds overweight for his height.

The medical evidence includes six X-rays between 1971 and 1983. The first reading, from an X-ray taken on June 6, 1971, noted some P-type nodules, but was insufficient to establish pneumoconiosis under the regulations. The next film, taken September 3, 1976, was read showing P and S-type opacities with a profusion of 1/1, which qualifies as a positive reading under the regulations. A January 17, 1977, X-ray was read by Dr. Navani, a B-reader, as consistent with pneumoconiosis. An X-ray dated August 26, 1981, done as part of a physical examination requested by Clinchfield, was read as negative five different times. An X-ray dated February 16, 1983, was read by claimant's physician as positive for the disease, P/Q 1/1; however, Clinchfield's readers found that film negative on three different readings. The last X-ray is dated November 3, 1983, and was read negative twice by Clinchfield's readers. Further, none of the four pulmonary function studies in the record qualifies claimant under the regulations.

As noted, the ALJ invoked the interim presumption on the basis of Taylor's arterial blood gas studies. Of the 7 blood gas studies performed, one in 1976, three in 1981, and three in 1983, the latter three were obviously qualifying under the regulations and the ALJ properly invoked the presumption.

Taylor has seen several physicians, including one at the request of the Department of Labor and two at the request of Clinchfield. His treating physicians, Dr. Kanwal and Dr. Smiddy, diagnosed pneumoconiosis in February of 1983. Chronic bronchitis was the diagnosis of Dr. Tholpady who examined claimant in 1977 at the request of the Department. Dr. Garzon and Dr. Dahhan, who both examined the claimant at the request of Clinchfield, attributed his pulmonary impairment to his cigarette smoking. Also at the request of Clinchfield, Dr. Kress, a non-examining, non-treating physician, reviewed the medical records. His conclusion was that the claimant suffered from chronic bronchitis secondary to his cigarette smoking and obesity. Drs. Kanwal, Smiddy, and Garzon stated in their opinions that claimant's pulmonary impairment was of sufficient severity to preclude him from coal mine work or other comparable employment.

Claimant argues that application of the rebuttal provisions of the interim Labor regulations found under 20 C.F.R. § 703.203(b) violates 30 U.S.C. § 902(f)(2). Under § 902(f)(2), "[c]riteria to be applied by the Secretary of Labor in the case of ... any claim ... shall not be more restrictive than the criteria applicable to a claim filed on June 30, 1973." At this point, we think the history of the dual system of application of the regulations bears repeating. It is described in the case of *Broyles v. Director, OWCP*, 824 F.2d 327, 328–329 (4th Cir.1987), which was consolidated with *Sebben* and affirmed in the recent Supreme Court decision of *Pittston Coal Group v. Sebben*, 488 U.S. 105, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988).

A miner is entitled to disability benefits under the Black Lung Benefits Act if he is totally disabled by pneumoconiosis arising out of his coal mine employment. See 30 U.S.C. §§ 901(a) and 902(b) (1986). Congress and the various agencies responsible for administering the benefits program have recognized that the existence and causes of pneumoconiosis are difficult to determine, and have over the years established a number of evidentiary presumptions to assist miners in proving their claims. Regulations creating presumptions to establish the elements of a claim for benefits have been promulgated in accordance with the legislative mandate to give the benefit of the doubt to claimants. *Southard v. Director, OWCP*, 732 F.2d 66, 71 (6th Cir.1984). Congress has repeatedly amended the acts to ensure the liberal award of benefits and to rectify what it perceived as a persistent administrative practice of undue strictness in the award of benefits.

*Director v. Bethlehem Mines Corp.*, 669 F2d 187, 190 (4th Cir.1982).

The "interim presumption" at 20 C.F.R. § 410.490 was promulgated by the Secretary of Health, Education and Welfare in response to the Congressional directive that he loosen the eligibility requirements for benefits and facilitate prompt processing of claims. *Tally v. Mathews*, 550 F2d 911, 916 (4th Cir.1977). When promulgated, however, 20 C.F.R. § 410.490 by its terms applied only to claims filed by living miners before July 1, 1973 or by their survivors before July 1, 1974. 20 C.F.R. § 410.490(b).

The interim presumption available under 20 C.F.R. § 410.490 is clearly the least restrictive presumption which has ever been available to a black lung claimant. This interim presumption can be established through an x-ray read as showing pneumoconiosis and a showing that the disability arose out of coal mine employment. The only way to rebut this presumption is to show that the claimant is either doing or capable of doing his usual coal mine work. 20 C.F.R. § 410.490. This regulation provides a standard which is easily met. A somewhat similar interim presumption is provided under 20 C.F.R. § 727.203, however, it requires that the miner in question have ten years of coal mine employment.

In contrast, all claims filed after January 1, 1974, see 30 U.S.C. § 931 (1986), were initially adjudicated under more restrictive criteria. These claims were administered by the Secretary of Labor. Initially, no regulations were promulgated to govern the entitlement benefits. Instead, the Secretary of Labor adjudicated these claims under the "permanent" [HEW] regulations located at 20 C.F.R. §§ 410.401–410.476.

Thus, the Secretary of Labor was adjudicating claims only under the more restrictive permanent regulations at the same time the Secretary of Health, Education and Welfare was applying the far more lenient interim presumption available at 20 C.F.R. § 410.490 to claims filed before the magic date of July 1, 1973. Congress, perceiving the inequity, enacted the 1978 amendments to the Act in an effort to make the proof of claims more uniform. *Director v. Bethlehem Mines Corp.*, 669 F2d at 190.

The 1978 amendments added 30 U.S.C. § 902(f)(1)(B), which directed the Secretary of Labor to create new "permanent" criteria governing eligibility requirements. Most significantly for the purposes of this appeal, the 1978 amendments provided at 30 U.S.C. § 902(f)(2):

> Criteria to be applied by the Secretary of Labor in the case of—
>
> \* \* \* \* \* \*
>
> (C) any claim filed on or before the effective date of [the new, "permanent"] regulations promulgated under this subsection [*i.e.*, under 30 U.S.C. § 902(F)(1)(D)] by the Secretary of Labor ...
>
> shall not be more restrictive than the criteria applicable to a claim filed on June 30, 1973, whether or not the final disposition of any such claim occurs after the date of such promulgation of regulations by the Secretary of Labor.

Mr. Broyles initially filed his claim on September 17, 1976. Mr. Colley filed his claim on September 18, 1974. The Secretary of Labor did not effectively promulgate the new "permanent" regulations, located at 20 C.F.R. Part 718, until April 1, 1980. In each appellant's case, the ALJ found that because the claimant did not satisfy the requirement that he have been employed in the coal mines for at least 10 years, he was not entitled to the interim presumption available at 20 C.F.R. § 727.203 and his claims had to be evaluated under the more restrictive regulations found at 20 C.F.R. §§ 410.401–410.476. The appellants argue that the interim presumption available under § 410.490 should have applied to their claims.

In light of Congress' clear mandate in 30 U.S.C.A. 902(f) we agree with appellants' position and reverse and remand the decision of the BRB. It is difficult to imagine that Congress picked the date of June 30, 1973, the last day under which

the interim presumption would be available under 20 C.F.R. § 410.490, out of a hat. It is far more likely that Congress intended that the liberal interim presumption available under 20 C.F.R. § 410.490 be applied to all claims filed before such time while the Secretary of Labor promulgated the new "permanent" regulations at 20 C.F.R. Part 718.

In *Sebben,* the Supreme Court upheld the Fourth Circuit decision that since the interim criteria, including 10 years' coal mining employment, needed to invoke the presumption of entitlement applied by the Secretary of Labor in 20 C.F.R. § 727.203 are more restrictive than those found in the HEW regulations at 20 C.F.R. § 410.490, the application of § 727.203 instead of the less restrictive § 410.490 violated 30 U.S.C. § 902(f)(2). The Court remanded the claims for consideration of invocation under the less restrictive § 410.490.

The Court stated in its opinion that the decision only applied to the affirmative factors for invoking the presumption of entitlement, not to the rebuttal factors, because the respondents in that case conceded the validity of certain rebuttal provisions, thus not requiring the Court to decide the question. 488 U.S. at ——, ——, 109 S.Ct. at 422, 423. The issue raised by claimant here is the rebuttal question reserved in *Sebben.* He urges that the rebuttal provisions under the interim Labor Department regulations are more restrictive than those under the interim HEW regulations. Thus, although the presumption was invoked under § 727.203(a), he argues that he should receive the benefit of the less restrictive rebuttal provisions of § 410.490(c).

At this point, we should say that we think it is a matter of indifference under which set of regulations the presumption arises because for a miner who has 10 years' coal mine employment, regardless of the reason for establishing the presumption, it is precisely the same. Indeed, an examination of the two regulations involved reveals that, except for two or three words, each presumption is the same as the other, *in haec verba.* In §§ 410.490(b) and 410.416, the presumption is phrased that such miner "will be presumed to be totally disabled due to pneumoconiosis" and that "the pneumoconiosis arose out of such [coal mine] employment." The presumption established under § 727.203(a) is that the miner "will be presumed to be totally disabled due to pneumoconiosis ... arising out of that [coal mine] employment." So we do not accept any argument that the rebuttal provisions must be pegged to the invocation provisions. It is the fact of establishment of the presumption and the substance thereof which is of consequence in this case, not the number of the regulation which provides for such establishment.

Section 410.490(c) allows for two methods of rebuttal after invocation of the presumption, which we paraphrase:

(c)(1) Evidence that the miner is performing his usual coal mining or comparable work, or

(c)(2) Evidence, including physical performance tests, that miner is capable of performing his usual coal mining or comparable work.

The interim Labor Department regulations, while containing the two provisions above, add two additional methods of rebuttal under § 727.203(b), which are quoted:

(b)(3) The evidence establishes that the total disability ... of the miner did not arise in whole or in part out of coal mine employment; or

(b)(4) The evidence establishes that the miner does not ... have pneumoconiosis.

Thus, the interim Labor Department regulations permit rebuttal of more elements of entitlement to benefits than do the interim HEW regulations which permit rebuttal solely through attacks on the element of total disability.

The rebuttal provisions of § 727.203(b)(3) and (4) allow the consideration of evidence disputing both the presence of pneumoconiosis and the connection between total disability and coal mine employment. As rebuttal under § 727.203 permits additional criteria by which more elements of statutory entitlement may be rebutted, the provisions are more restrictive than those

found in § 410.490 and their application violates 30 U.S.C. § 902(f).[2]

In this case, as mentioned, the ALJ determined that claimant's presumption was rebutted by evidence which established the rebuttal provided for by § 727.203(b)(3) and (4).[3] However, had the rebuttal aspect of Taylor's claim been considered under the less restrictive provisions of § 410.490(c), the establishment of rebuttal because of the elements mentioned in § 727.203(b)(3) and (4) would not have been considered. The respondents argue that *Sebben* has no application to the case at hand as the claimants in that case had fewer than 10 years of coal mine employment. Although that is a factual distinction, the *Sebben* decision is not so narrowly fact specific. The relevant issue in *Sebben* is the interpretation of 30 U.S.C. § 902(f)(2) in respect to the difference in application of the interim Labor Department regulations by the Secretary of Labor and the interim HEW regulations by the same Secretary. The Court gave § 902(f)(2) a literal application in *Sebben,* and we see no reason to question a similar application here.

In the text of this opinion, we have, sometimes with some specificity, indicated the difference between the rebuttal provisions of § 410.490(c) and § 727.203(b). Those parts of the opinion were written with the literal wording of the regulations in mind, as well as the reasoning of *Broyles* that the "only way to rebut this presumption [under § 410.490] is to show that the claimant is either doing or capable of doing his usual coal mine work."[4] In affirming *Broyles,* however, the Court in

*Sebben,* 488 U.S. at ——, 109 S.Ct. at 421, held that there are three elements necessary for a successful claim under the black lung statutes. They are: (1) pneumoconiosis, which was (2) caused by coal mine employment, and (3) resulting total disability. The Court pointed out at 488 U.S. at ——, 109 S.Ct. at 421 that the presumption of causation arising because of 10 years' coal mine employment and found in § 410.416 was subject to rebuttal. That rebuttal provision is similar to that described in § 727.203(b)(3). So the rebuttal provisions of § 410.490(c), together with § 410.416 and § 727.203(b), have three points of similarity, as applicable in this case, in view of the *Sebben* decision, instead of only two as the face of §§ 727.-203(b) and 410.490(c) would indicate. That also, of course, would have to qualify our opinion in *Broyles,* at 824 F.2d at 329, that the "only" way to rebut the presumption under § 410.490 is by evidence with respect to total disability. Nevertheless, that leaves § 727.203(b)(4) rebuttal, on the basis that the miner does not have pneumoconiosis, as an additional and restrictive provision not found in the interim HEW regulations in § 410.490(c). So, applying the more restrictive regulation in rebuttal is a violation of 30 U.S.C. § 902(f).

We remand the claim to the Board for further remand to an ALJ to determine if the evidence in the case meets the rebuttal provisions under § 410.490(c) or the rebuttal provisions as to causality of § 410.416 if the miner claims under § 410.416.[5]

---

**2.** We realize that our decision is inconsistent with that of *Youghiogheny and Ohio Coal Co. v. Milliken,* 866 F.2d 195 (6th Cir.1989) which refused to extend that circuit's precedent to the rebuttal provisions. *Milliken* held that, although, following *Sebben,* the invocation of the presumption would be controlled by § 410.490, the rebuttal would be governed by Part 727 provisions, even though they were more restrictive. A result with which, with respect, we do not agree.

**3.** As to § 727.203(b)(3) rebuttal, see n. 1, supra.

**4.** Accord *Couch v. Secretary, HEW,* 774 F.2d 163, 166 (6th Cir.1985); *Vintson v. Califano,* 592 F.2d 1353, 1356 n. 3 (5th Cir.1979).

**5.** The ALJ states in conclusory fashion in his opinion that as the claim did not meet Part 727, he also reviewed it and found that it did not satisfy the requirements of Part 410. The ALJ's decision was filed before the Supreme Court decision in *Sebben;* therefore, we may safely assume that the ALJ was referring to Part 410.-401 *et seq.* In all events, it is the decision of the Board that we review, not the decision of the ALJ. The decision of the Board did not mention, consider, or rely on Part 410, so under *S.E.C. v. Chenery,* 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943), that is not a part of the administrative decision subject to review.

PETITION GRANTED AND REMAND-ED WITH INSTRUCTIONS.[6]

ERVIN, Chief Judge, dissenting:

I respectfully dissent.

As pointed out in footnote 2, my brethren concede that their holding is inconsistent with the decision of the Sixth Circuit in *Youghiogheny and Ohio Coal Co. v. Milliken,* 866 F.2d 195 (6th Cir.1989). More recently, the Third Circuit has come down on the side of the Sixth in *Bethenergy Mines Inc. v. Director, OWCP and Pauley,* 890 F.2d 1295 (3d Cir.1989). Although the rationales employed by these two courts differ somewhat, I am more comfortable with the results they have reached than the one suggested by the majority here and by the Seventh Circuit in *Taylor v. Peabody Coal Co.,* 892 F.2d 503 (7th Cir.1989). It seems to me that by adopting the views of the Third and Sixth Circuits concerning these murky and confusing regulations we do less violence to congressional intent, and avoid both upsetting the statutory scheme and raising due process problems. To preclude rebuttal with evidence that the miner either does not have pneumoconiosis or that his total disability did not arise out of coal mine employment is unacceptable to me.

For the reasons articulated by our sister circuits in *Milliken* and *Bethenergy,* I would affirm the denial of benefits to Taylor.

**6.** While it may be arguable that the erroneous finding of the ALJ, affirmed by the Board, that there was rebuttal under § 727.102(b)(3) would constitute a trial of that issue and the subject not be again open for further consideration, that is not the case here. The administrative decision applied the wrong standard, and although consideration of the rebuttal of the presumption under § 410.416 as construed in *Sebben* deals with the same subject, causation, as § 727.203(b)(3), we think the claimant can have no complaint if the evidence in the case is considered on remand under the proper standard.