908 F.2d 967
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dillard H. McGRAW, Petitioner,
v.
OFFICE OF WORKERS' COMPENSATION PROGRAM, Respondent.
 No. 88-1162.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 3, 1990.
Decided July 10, 1990.
Rehearing and Rehearing In Banc Denied Sept. 28, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (84-3707-BLA)
 Joseph E. Wolfe, Wolfe & Farmer, Norton, Va., for petitioner.
 Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Michael J. Denney, Counsel for Appellate Litigation, Michelle S. Gerdano, Richard Zorn, Office of the Solicitor, United States Department of Labor, Washington, D.C., for respondent.
 Ben.Rev.Bd.
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 Before K.K. HALL and SPROUSE, Circuit Judges, and KELLAM, Senior United States District Judge for the Eastern District of Virginia, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Dillard H. McGraw appeals from the decision of the Benefits Review Board denying him disability benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. We reverse and remand with instructions to grant benefits.
 
 
 2
 McGraw filed his claim for benefits with the Social Security Administration in June 1973, and it was denied in January 1974. He then elected to have his claim reviewed by the Department of Labor. See 20 C.F.R. Secs. 410.704(a) & (g) and 727.107. After that department denied his claim for the second time, McGraw requested a hearing before an administrative law judge (ALJ). At the time of the hearing in 1984, McGraw was employed as a federal mine inspector. McGraw had become a mine inspector in 1971, after working since the mid-1940s as an underground coal miner.
 
 
 3
 The ALJ found that McGraw was entitled to the interim presumption of coal mine related disability because he had over ten years of coal mine employment, because the parties had stipulated to the presence of pneumoconiosis, and because all x-rays were positive for the disease. See 20 C.F.R. Sec. 727.203(a).[1] However, the ALJ concluded that the presumption was rebutted[2] because McGraw was engaged in his usual coal mine employment, although that employment was as a mine inspector rather than as a coal miner. See 20 C.F.R. Sec. 727.203(b)(1).[3]
 
 
 4
 McGraw appealed to the Benefits Review Board, which affirmed the decision of the ALJ solely on the basis that substantial evidence supported the finding that McGraw was "performing his usual coal mine employment at the time of the hearing in his position as a federal coal mine inspector." McGraw then appealed to this court.
 
 
 5
 The Director now concedes that the ALJ and the Review Board erred, because employment as a federal mine inspector does not meet the statutory definition of a miner and therefore cannot be considered as usual coal mine employment for Sec. 203(b)(1) rebuttal. We agree with that position:
 
 
 6
 The term "miner" means any individual who works or has worked in or around a coal mine or coal preparation facility in the extraction or preparation of coal. Such term also includes an individual who works or has worked in coal mine construction or transportation in or around a coal mine, to the extent such individual was exposed to coal dust as a result of such employment.
 
 
 7
 30 U.S.C. Sec. 902(d). Federal mine inspectors do not meet this definition for the purposes of establishing eligibility for black lung benefits. Kopp v. Director, OWCP, 877 F.2d 307, 309 n. 1 (4th Cir.1989). Similarly, by definition, they are not doing coal mine or comparable work which would rebut the presumption of disabling pneumoconiosis.
 
 
 8
 The Director urges, however, that under the record facts this court can find rebuttal under Sec. 203(b)(3). The Director faces an unsurmountable obstacle to that argument. The Benefits Review Board based its denial of benefits solely on its Sec. 203(b)(1) finding that the presumption of disabling pneumoconiosis was rebutted because at the time of filing his claim McGraw was engaged in his "usual coal mine employment." Under SEC v. Chenery Corp., 318 U.S. 80, 87-88, 94-95 (1943), that is the only administrative decision subject to our review.
 
 
 9
 The judgment of the Benefits Review Board is therefore reversed and remanded with instructions to award McGraw benefits.
 
 
 10
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 McGraw's claim was considered under 20 C.F.R. Sec. 727.203. His claim should have been considered under the less restrictive provisions of 20 C.F.R. Sec. 410.490. See Pittston Coal Group v. Sebben, 488 U.S. 105 (1988) (less restrictive presumption applicable), and Taylor v. Clinchfield Coal Co., 895 F.2d 178, 182-83 (4th Cir.1990) (less restrictive rebuttal provisions applicable). The distinction is not critical here, because the presumption of disability in Sec. 727.203(a) and the presumption in Sec. 410.490(b) are virtually identical for miners who have at least ten years of coal mine employment. Taylor, 895 F.2d at 182. Similarly, the requirements for Secs. 727.203(b)(1) and (2) rebuttal are substantially similar to the Sec. 410.490(c) rebuttal provisions
 
 
 [2]
 Title 20 C.F.R. Sec. 727.203(b) provides that a Sec. 203(a) presumption may be rebutted by a finding that:
 (1) The evidence establishes that the individual is, in fact, doing his usual coal mine work or comparable and gainful work ...; or
 (2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work ...; or
 (3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment; or
 (4) The evidence establishes that the miner does not, or did not, have pneumoconiosis.
 
 
 [3]
 The ALJ also found rebuttal under 20 C.F.R. Sec. 727.203(b)(2), based on the opinions of two doctors who, according to the ALJ, reported that McGraw suffered from no respiratory incapacity. In its review, the Board did not consider this finding, and the Director now concedes that this evidence was insufficient to establish Sec. 727.203(b)(2) rebuttal in light of our decision in Sykes v. Director, OWCP, 812 F.2d 890 (4th Cir.1987)