917 F.2d 558
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George D. PAYNTER, Petitioner,
v.
CONSOLIDATION COAL COMPANY, Director, Office of Workers
Compensation Program, United States Department of
Labor, Respondents.
 No. 89-1434.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 18, 1990.
Decided Oct. 31, 1990.
As Amended Nov. 6, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (84-2551-BLA).
 George D. Paynter, appellant pro se.
 Douglas Allan Smoot, Jackson & Kelly, Charleston, W.V., Sylvia Theresa Kaser, Ronald Gene Ray, Sr., Donald Steven Shire, Michael J. Denny, Lawrence W. Rogers, United States Department of Labor, Washington, D.C., Harry T. Skidmore, United States Department of Labor, Charleston, W.V., for respondents.
 Ben.Rev.Bd.
 VACATED AND REMANDED
 Before PHILLIPS, CHAPMAN and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 George Paynter seeks review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) denial of black lung benefits pursuant to 30 U.S.C. Secs. 901 et seq. Consolidation Coal's motion to dismiss is denied. Paynter's certified mail receipt is sufficient to show the Fourth Circuit received his notice of appeal within the appeal period.
 
 
 2
 After a hearing the ALJ invoked the interim presumption of disability under 20 C.F.R. Sec. 727.203(a). He then found that the medical evidence showed that Paynter was not totally disabled due to a pulmonary or respiratory impairment related to his coal mine employment. Therefore he concluded that the interim presumption was rebutted under Secs. 727.203(b)(2) and (b)(3) and that Paynter was not eligible for benefits under Part 410 of the regulations. The Board affirmed the ALJ's findings under Sec. 727.203(b)(2), found that eligibility for benefits under 20 C.F.R. Secs. 410 et seq. was precluded, and did not address whether rebuttal under (b)(3) was proper. Our review of the record, however, discloses that the ALJ incorrectly found the evidence sufficient to support rebuttal under (b)(2).
 
 
 3
 Paynter's claim for benefits was filed prior to April 1, 1980, and therefore rebuttal under Secs. 727.203(b)(3) and (b)(4) is not allowed. Taylor v. Clinchfield Coal Co., 895 F.2d 178 (4th Cir.1990). Rebuttal under (b)(2) showing the claimant is able to perform his usual coal mine work or comparable and gainful work is still available. However, under Sykes v. Director, OWCP, 812 F.2d 890 (4th Cir.1987), (b)(2) rebuttal must be without regard to cause. Whether the claimant is disabled is the only issue when proving (b)(2) rebuttal. Id. at 893-94.
 
 
 4
 It is clear that the ALJ and the Board considered the cause of disability as an element of (b)(2) rebuttal. Therefore the case must be remanded for reconsideration of whether rebuttal is available under Sec. 727.203(b)(2) or the provisions of Secs. 410.490 and 410.416, if applicable,* in light of this Court's decisions in Taylor and Sykes. Accordingly, we vacate the Board's decision and order and remand the case for further action consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 VACATED AND REMANDED.
 
 
 
 *
 See Dayton v. Consolidation Coal Co., 895 F.2d 173 (4th Cir.1990). As in Taylor, the ALJ's analysis under Sec. 410 was conclusory. Taylor, 895 F.2d at 183 n. 5. It was also reviewed by the Board under an improper standard, relying on the finding of rebuttal under Sec. 727.203(b)(2) and prior to the Supreme Court's decision in Pittston Coal Group v. Sebben, 488 U.S. 105 (1988). Following our decision in Taylor, eligibility for benefits under Sec. 410 must also be reconsidered. Taylor, 895 F.2d at 183-84 nn. 5, 6