922 F.2d 835
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Grover L. BROWN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 90-3067.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 20, 1990.
Decided: Jan. 10, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (87-2225-BLA)
 Thomas E. Johnson, Phillip H. Snelling, Johnson, Schaaf, Jones & Snelling, Chicago, Ill., for petitioner.
 Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Barbara J. Johnson, Counsel for Appellate Litigation, Priscilla Anne Schwab, Attorney, Washington, D.C., for respondent.
 Ben.Rev.Bd.
 VACATED AND REMANDED WITH INSTRUCTIONS.
 Before K.K. HALL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Grover L. Brown petitions for review of a decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") denial of benefits under the Black Lung Benefits Act ("Act"), 30 U.S.C. Secs. 901 et seq. We vacate and remand.
 
 
 2
 Having credited Brown with twelve years and nine months of qualifying coal mine employment under the Act, the ALJ, in reliance on Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986), rev'd sub nom. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135 (1987), found invocation of the interim presumption pursuant to 20 C.F.R. Sec. 727.203(a)(1) based on a single positive X-ray. The ALJ further determined, however, that the Director, Office of Workers Compensation Programs ("Director"), successfully rebutted the presumption pursuant to section 727.203(b)(2) by showing that Brown suffered from "no impairment." Finally, the ALJ found that Brown's inability to establish a totally disabling respiratory impairment precluded entitlement to benefits under 20 C.F.R. Part 410 of the regulations and, accordingly, denied benefits.
 
 
 3
 The Board affirmed the finding of rebuttal pursuant to subsection (b)(2), and further found that the absence of any impairment would also establish rebuttal pursuant to subsection (b)(3) as a matter of law. The Board noted that these findings would preclude Brown's entitlement under Part 410, including section 410.490. The Board did not address the propriety of the ALJ's invocation findings, implicitly determining that the establishment of rebuttal rendered examination of these issues unnecessary.
 
 
 4
 Initially, we hold that the ALJ erred in finding rebuttal pursuant to subsection (b)(2) based, in part, on the medical reports of Dr. Hessl. Dr. Hessl examined Brown in 1980 and 1985. On each occasion, he diagnosed possible coal workers' pneumoconiosis related to coal mine employment. His 1980 report, however, rated Brown's level of impairment as a Class I respiratory impairment under the American Medical Association Guides to the Evaluation of Permanent Impairment, which amounted to a finding of zero impairment. The ALJ found that Dr. Hessl's finding of no respiratory impairment, along with the unanimously non-qualifying objective studies and a normal exercise test, established that Brown suffered from "no impairment" and thus supported rebuttal pursuant to subsection (b)(2).
 
 
 5
 Rebuttal of the interim presumption may be established pursuant to subsection (b)(2) by showing that the claimant is able to do his usual coal mine work or comparable and gainful work. See 20 C.F.R. Sec. 727.203(b)(2). In Sykes v. Director, OWCP, 812 F.2d 890 (4th Cir.1987), we held that a "mere finding of "no impairment" under the American Medical Association standards cannot be equated with a finding that a claimant can continue to perform coal mining work." Id. at 893. The ALJ therefore erred by relying on Dr. Hessl's report to find rebuttal pursuant to subsection (b)(2).
 
 
 6
 Next, we decline to address the parties' specific contentions relating to whether the evidence of record was sufficient, as the Board found, to establish rebuttal pursuant to subsection (b)(3) as a matter of law. Rather, we note that, as claimant contends and the Director acknowledges, our recent decision in Taylor v. Clinchfield Coal Co., 895 F.2d 178 (4th Cir.1990), invalidated this rebuttal provision, rendering it unavailable to the Director in this case.
 
 
 7
 The parties also agree that the ALJ's reliance on our decision in Stapleton is no longer appropriate in view of the Supreme Court's opinion in Mullins. The record contains eight interpretations of four X-rays, all but one of which are negative for pneumoconiosis. Consistent with Stapleton, the ALJ found that the single positive interpretation required invocation of the presumption. The Supreme Court in Mullins, however, held that a single qualifying X-ray is not always sufficient to invoke the interim presumption; rather, the claimant must establish invocation by a preponderance of the evidence. 484 U.S. at 146-61.
 
 
 8
 Claimant nonetheless contends, however, that invocation pursuant to subsection (a)(1) is mandated in this case because, once a negative rereading of his single positive X-ray by the Director is excluded from the record, the positive X-ray is the most recent. Claimant argues that the ALJ erred by failing to exclude the rereading from the record pursuant to section 413(b), 30 U.S.C. Sec. 923(b).
 
 
 9
 Under certain circumstances applicable here, section 413(b) prohibits the Director from having certain X-rays reread except for purposes of determining quality if there is other evidence in the record of a "significant and measurable" level of respiratory impairment. See Starchevich v. Director, OWCP, 873 F.2d 197 (8th Cir.1989); Auxier v. Director, OWCP, 4 BLR 1-717 (1982). Contrary to claimant's assertion, the record contains no specific diagnosis that would definitively establish a "significant and measurable" respiratory impairment.
 
 
 10
 We find, however, that the ALJ's failure to consider the physical limitations listed in Dr. Hessl's 1985 report requires further consideration of this issue. Although Dr. Hessl's 1980 report found a zero percent respiratory impairment, his 1985 report stated that Brown was limited to walking three blocks, climbing one flight of stairs, and carrying 20-30 pounds about fifty feet. This list of limitations was provided in response to a question which requested notation of limitations that may be related to pulmonary disease. Under such circumstances, the ALJ could have inferred that the physician's assessment was a respiratory or pulmonary evaluation.[1] See Olszewski v. Youghiogheny & Ohio Coal Co., 7 BLR 1-846 (1985). Had he made this inference, the ALJ could have found a "significant and measurable" impairment, and thereby excluded the Director's rereading of claimant's positive X-ray from the record. If the rereading were excluded, the X-ray evidence would still be overwhelmingly negative (three of four X-rays and six of seven interpretations would be negative), but Brown's positive X-ray would be the most recent. Contrary to Brown's contention, this fact, alone, would not mandate invocation pursuant to subsection (a)(1), see York v. Jewell Ridge Coal Corp., 7 BLR 1-766 (1985), but it would render invocation possible, since the ALJ could choose to accord greater weight to the most recent evidence.
 
 
 11
 We therefore remand this case to the Board for further remand to an ALJ to consider whether invocation may be established pursuant to subsections (a)(1) or (a)(4).[2] We note that if the ALJ properly finds invocation on remand, rebuttal is precluded on this record. Subsections (b)(3) and (b)(4) have been invalidated by our decision in Taylor.[3] Subsection (b)(2) rebuttal is precluded under Sykes, supra, and the ALJ's finding of no rebuttal under subsection (b)(1) is uncontested. Although Taylor recognized that the presumption may also be rebutted by showing that the miner's pneumoconiosis did not arise out of coal mine employment, see 895 F.2d at 183, this record lacks any evidence which could sever this causal link.
 
 
 12
 Conversely, if Brown fails to establish invocation on remand, entitlement will be precluded. Since all the objective studies are nonqualifying, if claimant cannot invoke under subsection (a)(4) he cannot establish a totally disabling respiratory impairment, precluding entitlement under the permanent criteria of 20 C.F.R. Part 410. See Clay v. Director, OWCP, 7 BLR 1-82 (1984). Further, if Brown cannot establish invocation pursuant to subsection (a)(1), his inability to invoke based on X-rays or ventilatory studies will preclude entitlement under 20 C.F.R. Sec. 410.490. See Pittston Coal Group v. Sebben, 488 U.S. 105 (1988).
 
 
 13
 Accordingly, we vacate the decision of the Board and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented on this record and argument would not aid the decisional process.
 
 VACATED AND REMANDED WITH INSTRUCTIONS
 
 
 [1]
 The ALJ's determination on this issue would also be relevant to his consideration of subsection (a)(4)
 
 
 [2]
 The parties do not dispute that the record contains no qualifying objective studies which could support invocation pursuant to 20 C.F.R. Sec. 727.203(a)(2) or (3)
 
 
 [3]
 We note that the Supreme Court has recently granted certiorari in Taylor. 59 U.S.L.W. 3325 (U.S. Oct. 29, 1990) (No. 90-113). If, on remand, the ALJ finds invocation of the interim presumption, he should consider what effect, if any, the Supreme Court's decision has on the availability of rebuttal in this case