944 F.2d 900
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CENTRAL COAL COMPANY, Petitioner,
v.
Andrew J. GIBBS, Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 90-1020.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1991.
Decided Sept. 18, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (86-643-BLA)
 Argued: David Lynn Yaussy, Robinson & McElwee, Charleston, W.Va., for petitioner.
 Matthew Joseph Hayes, Pepper & Nason, Charleston, W.Va., for respondent.
 
 
 1
 Ben.Rev.Bd.
 
 
 2
 AFFIRMED.
 
 
 3
 Before NIEMEYER, Circuit Judge, BUTZNER, Senior Circuit Judge, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 
 OPINION
 PER CURIAM:
 
 4
 Andrew Gibbs filed a claim for federal black lung benefits on May 7, 1979. The claim was denied twice in 1980 before Gibbs requested a hearing before an administrative law judge (ALJ). The hearing was held in July 1985, and the ALJ awarded benefits. The employer appealed the award to the Benefits Review Board which remanded the case to the ALJ because the ALJ had improperly weighed test results submitted by the employer. In May 1988, the ALJ again awarded benefits, and the award was again appealed by the employer. This time the Board affirmed the award, holding that, while the ALJ did not follow the specific instructions given to him on remand, substantial evidence had been presented to support the award.
 
 
 5
 The employer contends on appeal that the proper standards for determining eligibility for benefits were not applied and that due process requires permitting it to rebut the evidence of Gibbs under 20 C.F.R. § 727.203(b)(3) and (b)(4). These contentions were made at a time when our decision in Taylor v. Clinchfield Coal Co., 895 F.2d 178 (4th Cir.1990), was the applicable law, although the ALJ and the Benefits Review Board did not rely on Taylor. Pending this appeal, Taylor was reversed in Pauley v. BethEnergy Mines, Inc., 501 U.S. ---- (1991), which essentially mooted the employer's arguments on these points and revitalized application of # 8E8E # 727.203(b)(3) and (b)(4). In any event, the decision of the ALJ and the review of the Board appear to have recognized the full right of the employer to present rebuttal evidence and have it weighed.
 
 
 6
 The employer also contends that the ALJ and the Board failed to apply the law to the facts and that the ALJ's decision was unsupported by the evidence.
 
 
 7
 The Board readily recognized that the ALJ did not follow its instructions even on the second remand, but it reviewed the record and the findings of the ALJ, organizing them in accordance with § 727.203(a) and (b), and concluded that the presumption was invoked as a matter of law and that the rebuttal evidence was properly weighed. Concluding that the findings of the ALJ were supported by the evidence it affirmed the award of benefits.
 
 
 8
 We have reviewed carefully the Board decision and the facts of record and conclude that no different result would be achieved by a remand to the ALJ to pay lip service to the process performed by the Board. The award of benefits is supported by substantial evidence. In reaching this conclusion we are not unmindful of the fact that this claim has been pending over 12 years without final resolution. We therefore affirm the award of benefits on the reasoning of the Board.
 
 
 9
 AFFIRMED.