947 F.2d 943
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cecil VIARS, Petitioner,
v.
ISLAND CREEK COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 90-2719.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 3, 1991.
Decided Nov. 4, 1991.
 
 On Appeal for Review of an Order of the Benefits Review Board. (88-1819-BLA)
 Lawrence Lee Moise, III, Vinyard & Moise, P.C., Abingdon, Va., for petitioner.
 Douglas Allan Smoot, Jackson & Kelly, Charleston, W.Va., for respondents.
 Ben.Rev.Bd.
 DISMISSED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and PHILLIPS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Cecil Viars petitions for review of an order of the Benefits Review Board (BRB) remanding for reconsideration an Administrative Law Judge's (ALJ's) denial of federal black lung benefits. We dismiss for lack of jurisdiction to review the order.
 
 
 2
 Viars filed a claim for federal black lung benefits on June 1, 1973. On October 13, 1988 his claim was denied by an ALJ after a hearing on the merits. The ALJ determined that, while Viars had established an interim presumption of entitlement to benefits under 20 C.F.R. §§ 727.203(a)(1) and (a)(3), his employer, Respondent Island Creek Coal Company, had rebutted the presumption under 20 C.F.R. § 727.203(b)(3) by proving that Viars's disability did not arise in whole or in part out of his coal mine employment.
 
 
 3
 The BRB affirmed the ALJ's finding regarding rebuttal under § 727.203(b)(3), but remanded the case to the ALJ for reconsideration in light of this court's intervening decision in Taylor v. Clinchfield Coal Co., 895 F.2d 178 (4th Cir.1990).* This petition for review followed.
 
 
 4
 This court has jurisdiction to entertain petitions for review of "[a]ny person adversely affected or aggrieved by a final order " of the BRB. 33 U.S.C. § 921(c) (emphasis added). The BRB's order in this case was not final, therefore this court is without jurisdiction to entertain Viars's petition for review and it is accordingly dismissed.
 
 
 5
 DISMISSED.
 
 
 
 *
 We note that in the interval since the BRB's ruling, Taylor was reversed by the Supreme Court's decision in Pauley v. BethEnergy Mines, Inc., 59 U.S.L.W. 4778 (1991). In Taylor this court had held that a mine employer's rebuttal of a mine employee's interim presumption should be analyzed under what was thought the "less restrictive" provisions of 20 C.F.R. § 410.490 rather than those of § 727.203(b)(3). In Pauley the Supreme Court held that rebuttal of such presumptions is analyzed properly under 20 C.F.R. § 727.203(b)(3). On the remand ordered by the BRB which we decline to review, the ALJ therefore should be guided by Pauley rather than, as ordered, by Taylor