962 F.2d 7
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jack ROBINETTE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Respondent.
 No. 88-1144.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 2, 1992
Decided: May 15, 1992
 
 On Petition for Review of an Order of the Benefits Review Board. (BLA)
 Ben. Rev. Bd.
 REVERSED AND REMANDED.
 Argued: Thomas H. Zerbe, Larry L. Rowe, Attorneys at Law, Charleston, West Virginia, for Petitioner.
 Barry H. Joyner, Office of the Solicitor, United States Department Of Labor, Washington, D.C ., for Respondent.
 On Brief: Larry L. Rowe, Larry L. Rowe, Attorneys at Law, Charleston, West Virginia, for Petitioner.
 David S. Fortney, Deputy Solitor of Labor, Donald S. Denney, Richard Zorn, Sylvia T Kaser, Counsel for Appellate Litigation, Office of the Solicitor, United States Department of Labor, Washington, D.C., for Respondent.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and MOTZ, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Jack Robinette appealed to this court from an adverse determination by the Benefits Review Board of the United States Department of Labor (the "BRB") on his petition for Black Lung disability benefits. This court reversed the BRB's decision and remanded the case to the BRB with instructions to grant benefits. Robinette v. Director, OWCP, No. 88-1144 (4th Cir. April 27, 1990) ("Robinette I "). The United States Supreme Court granted certiorari and remanded the case to this court for further consideration in light of the Supreme Court's intervening ruling in Pauley v. Bethenergy Mines, Inc., 501 U.S., 115 L. Ed. 2d 604 (1991). The parties agree that the Pauley decision overturns the rationale upon which this court's prior decision was based, but Robinette argues that he is still entitled to benefits on grounds that were not addressed in our prior opinion. We agree.
 
 I.
 
 2
 On March 23, 1973, Robinette filed an application for Black Lung benefits. After the claim was administratively denied, he requested a hearing before an Administrative Law Judge ("ALJ") at the Department of Labor. The hearing was held on July 10, 1985. At that hearing the Director, Office of Workers' Compensation Programs (the "Director") stipulated that Robinette had worked 30 years in coal mine employment and had pneumoconiosis. This entitled Robinette to an interim presumption of total disability due to pneumoconiosis, pursuant to 20 C.F.R. § 727.203. The Director sought to rebut this presumption pursuant to 20 C.F.R. § 727.203(b)(2) by showing that Robinette was still able to do coal mine work or comparable and gainful work. Importantly for disposition of this case, the Director expressly agreed to a stipulation disclaiming rebuttal by any other means.
 
 
 3
 The ALJ accepted the Director's argument that the presumption of total disability was rebutted under subsection (b)(2), holding that Robinette's "pneumoconiosis is not totally disabling." J.A. at 9. Robinette appealed to the BRB. In the intervening period, this court decided Sykes v. Director, OWCP, 812 F.2d 890 (4th Cir. 1987), holding that subsection (b)(2) assesses whether a miner is totally disabled for any reason, and that under this provision it need not be shown that the total disability was caused by the pneumonoconiosis. The BRB acknowledged that the ALJ's decision was inconsistent with Sykes. However, rather than reversing the ALJ's decision, the BRB affirmed the decision on alternative grounds, finding that the Director had established rebuttal under subsection (b)(3), relating to whether the disability arose "in whole or in part out of coal mine employment." 20 C.F.R. § 727.203(b)(3).
 
 
 4
 Robinette appealed to this court, which overturned the BRB on the basis of another intervening decision, Taylor v. Clinchfield Coal Co., 895 F.2d 178 (4th Cir. 1990), which had held subsection (b)(3) to be invalid because it conflicted with the Congressional command that the Department of Labor regulations "shall not be more restrictive" than the pre-existing regulations. Robinette I, slip op. at 7; 30 U.S.C. § 902(f)(2). The Supreme Court granted certiorari in Robinette I and remanded the case to this court on the basis of yet another intervening decision, Pauley v. Bethenergy Mines, Inc., 115 L. Ed. 2d 604 (1991), which overruled Taylor and upheld subsection (b)(3) as not more restrictive than the prior regulations. In the present appeal, Robinette argues that despite the validity of subsection (b)(3), he is entitled to judgment because of the Director's stipulation that rebuttal would not be sought under any provision other than subsection (b)(2).
 
 II.
 
 5
 We hold that the Director clearly stipulated that rebuttal would not be sought with regard to causation, and that, therefore, the Director validly waived the subsection (b)(3) argument. The Director does not dispute that he agreed at the ALJ hearing to such a stipulation. The Department of Labor Form 1025, alerting the ALJ to the matters disputed at the hearing, stated that "the hearing will be confined to those issues contested by the Director or the Employer as indicated below by a checkmark. The absence of a checkmark indicates that the fact is not contested." J.A. at 245. On the form the Director submitted for this case, "Total Disability" was the only issue checked, notwithstanding the existence of a selection entitled, "Causation. The miner's disability or death is (was) due to pneumoconiosis." J.A. at 246. At the ALJ hearing, Robinette's counsel sought specific clarification that causation was not at issue, and after a short discussion, the ALJ asked, "Well, then we are agreed we are proceeding solely on the issue of total disability," to which counsel for the Director replied, "Yes." J.A. at 40-41.
 
 
 6
 The Director seeks relief from the stipulation, arguing that the intervening Sykes decision changed the prevailing law such that the stipulation was based on a mutual mistake of law. See Marshall v. Emersons Ltd., 593 F.2d 565, 568 (4th Cir. 1979) (trial court had discretion to relieve party of stipulation entered into under mistake of law). However, the Sykes decision dealt exclusively with interpretation of the (b)(2) rebuttal provision, which relates to "total disability." In holding that there was no causation element inherent in the (b)(2) provision, the Sykes decision did not modify, in any way, the meaning of subsection (b)(3), which deals solely with causation. Thus, the Director, having made the decision that Robinette's claim could not be rebutted under (b)(3) at the time of the ALJ hearing, cannot now argue that any intervening change in the law could have altered his determination.* Given the validity of the Director's stipulated waiver, the BRB was wrong to have found rebuttal on the basis of subsection (b)(3). Furthermore, the issue of "total disability" under subsection (b)(2) has been resolved in favor of Robinette. As we noted in our prior opinion, "In reversing the ALJ's finding that rebuttal was established under 20 C.F.R. § 727.203(b)(2), the BRB acknowledged that Robinette was totally disabled and unable to continue his coal mining or comparable employment." Robinette I, slip op. at 8. As a result, rebuttal under subsection (b)(2) is also not available to the Director.
 
 III.
 
 7
 In sum, the Director has waived argument on all rebuttal provisions other than subsection (b)(2), and subsection (b)(2) has been definitively resolved against him. Accordingly, we find that Robinette is entitled to benefits, and remand the case to the BRB with instructions to enter the appropriate order.
 
 REVERSED AND REMANDED WITH INSTRUCTIONS
 
 
 *
 The fact that the Director believed that he could, under pre-Sykes law, introduce causation arguments with regard to subsection (b)(2) does not necessarily indicate that he believed that he could successfully rebut the interim presumption under subsection (b)(3)'s causation requirements. Subsection (b)(2), as the Director construed it at the time of the ALJ hearing, would have allowed rebuttal upon a mere showing by the Director that the claimant's total disability did not result from pneumoconiosis. By contrast, subsection (b)(3) may only be invoked if the Director can show that "the total disability ... of the miner did not arise in whole or in part out of coal mine employment." 20 C.F.R. § 727.203(b)(3) (emphasis added). If the Director believed he could meet the stricter showing under subsection (b)(3), he should have contested causation at the time of the ALJ hearing