985 F.2d 553
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Beulah PHILLIPS, Widow of Labon A. Phillips, Petitioner,
v.
HONEY CAMP COAL COMPANY; Old Republic Insurance Companies;
Director, Office of Workers' Compensation
Programs, United States Department of
Labor, Respondents.
 No. 89-2017.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 5, 1991
Decided: February 5, 1993
 
 On petition for Review of an Order of the Benefits Review Board. (87-1711-BLA)
 Frederick Klein Muth, HENSLEY, MUTH, GARTON & HAYES, Bluefield, West Virginia, for Petitioner.
 Mark Elliott Solomons, ARTER & HADDEN, Washington, D.C., for Respondent Honey Camp Coal; Eileen Mary McCarthy, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director.
 Laura Metcoff Klaus, ARTER & HADDEN, Washington, D.C., for Respondent Honey Camp Coal; David S. Fortney, Deputy Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Michael J. Denney, Counsel for Appellate Litigation, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before WIDENER and LUTTIG, Circuit Judges, and SHEDD, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Beulah Phillips appeals from the Benefits Review Board's decision denying her claim for black lung benefits. We vacate and remand.
 
 
 2
 Labon Phillips, Beulah's deceased husband, filed a living miner's claim for black lung benefits with the United States Department of Labor on August 31, 1973. In 1977, the Department of Labor initially determined that Phillips was entitled to benefits and commenced interim payments. After the responsible operator, Honey Camp Coal Company, contested the claim, a formal hearing was held before an Administrative Law Judge (ALJ) in June 1986.[1]
 
 
 3
 On May 27, 1987, the ALJ issued a decision and order denying benefits. The ALJ found that Phillips was entitled to the interim presumption, under 20 C.F.R. § 727.203(a), that he was totally disabled due to pneumoconiosis.[2] However, the ALJ found that the employer had rebutted the presumption, under § 727.203(b)(2), by establishing that Phillips did not suffer from a significant pulmonary or respiratory impairment.[3] The ALJ based his finding on the medical opinions of Drs. Garzon and Hippensteel in conjunction with test results. He acknowledged that Dr. Fleenor had concluded that Phillips suffered from a disabling impairment, but held that the other doctors' opinions outweighed Dr. Fleenor's opinion. The ALJ also found that, while rebuttal had been established under subsection (b)(2), there was insufficient evidence to rebut the presumption under subsections (b)(1), (b)(3), or (b)(4). Since rebuttal need be established under only one of the alternate methods set out at § 727.203(b), the ALJ denied Mrs. Phillips's claim for benefits.
 
 
 4
 On appeal, the Benefits Review Board affirmed the decision, but did so on alternate grounds. The Board correctly held that the ALJ erred in holding that a medical opinion that a miner is not disabled by a pulmonary or respiratory impairment is sufficient alone to establish (b)(2) rebuttal. See Sykes v. Director, OWCP, 812 F.2d 890, 893 (4th Cir. 1987) (Error to find (b)(2) rebuttal based solely on doctor's finding that the claimant "does not suffer from pulmonary or respiratory impairment, based on blood gas studies, as well as spirometry." (emphasis in original)). "Section 727.203(b)(2) is concerned with the question of whether miners are totally disabled for whatever reason." 812 F.2d at 893-94 (emphasis in original).
 
 
 5
 However, the Board found that the ALJ's finding that the evidence was insufficient to establish (b)(3) rebuttal was"irrational and not supported by the evidence." The Board held that"[s]ince the reports of Drs. Garzon and Hippensteel contain diagnoses that rule out pneumoconiosis as a cause of disability ... their reports are sufficient as a matter of law to support rebuttal under subsection (b)(3)." Accordingly, the Board affirmed the ALJ's decision denying benefits.
 
 
 6
 Mrs. Phillips appealed the Board's decision to this court, relying principally on our decision in Taylor v. Clinchfield Coal Co., 895 F.2d 178 (4th Cir. 1990), rev'd, Pauley v. BethEnergy Mines, Inc., 59 U.S.L.W. 4778 (1991). In Taylor, we held that rebuttal under § 727.203(b)(3) and (b)(4) was not available to claims, such as Phillips's, filed prior to the promulgation of those regulations on April 1, 1980. While Mrs. Phillips's appeal was pending before this court, the Supreme Court reversed our decision in Taylor . See Pauley v. BethEnergy Mines, Inc., 59 U.S.L.W. 4778 (1991).[4] After Pauley, the only issue remaining in this case is whether the Board erred in its determination that (b)(3) rebuttal was established as a matter of law.[5] We are of opinion that in reaching its conclusion the Board exceeded its scope of review by impermissibly making factual determinations. See Director, OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir. 1983) ("The Benefits Review Board has no authority to obtain additional evidence or make any factual findings.")
 
 
 7
 The Board held that the reports of Drs. Garzon and Hippensteel were sufficient as a matter of law to support (b)(3) rebuttal and that such had been established as a matter of law "[s]ince the reports of Drs. Garzon and Hippensteel contain diagnoses that rule out pneumoconiosis as a cause of disability...." The Board gives no reason for its preference for those reports, but may have relied on the fact that the ALJ had relied on them instead of Dr. Fleenor's in the consideration of whether a significant impairment existed under (b)(2), which the Board correctly held irrelevant to (b)(2) rebuttal. The summary reversal of the ALJ's finding of no (b)(3) rebuttal as "irrational and not supported by substantial evidence" was made by the Board without any further analysis at all.
 
 
 8
 The ALJ, however, specifically held that "the weight of the evidence does not rule out coal mine employment as causally related to Claimant's disability...." And the ALJ was aware of the opinions of Drs. Garzon and Hippensteel when he made this determination that the presumption was not rebutted under (b)(3). The Board erred by impermissibly finding as a factual matter that the opinions of Drs. Garzon and Hippensteel established (b)(3) rebuttal. Only the ALJ can make factual determinations. Because the Board based its decision on a factual finding made by the Board, it committed reversible error.
 
 
 9
 On remand, the ALJ should make more explicit factual findings concerning the failure of the record to support (b)(3) rebuttal, including the effect, if any, of the reports of Drs. Garzon and Hippensteel on the determination of the establishment of (b)(3) rebuttal.
 
 
 10
 The Board's decision must be vacated and the case remanded to the Board with instructions to remand to the Administrative Law Judge to make findings consistent with this opinion and for such further proceedings as may be appropriate.
 
 VACATED AND REMANDED WITH INSTRUCTIONS
 
 
 [1]
 Labon Phillips died on January 17, 1985. Beulah Phillips, his widow, continued the prosecution of the claim
 
 
 [2]
 20 C.F.R. § 727.203(a) states:
 A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis, arising out of that employment, if one of the following medical requirements is met:
 (1) A chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis ...;
 (2) Ventilatory studies establish the presence of a chronic respiratory or pulmonary disease ...;
 (3) Blood gas studies ... demonstrate the presence of an impairment in the transfer of oxygen from the lung alveoli to the blood ...;
 (4) Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment;
 (5) In the case of a deceased miner where no medical evidence is available, the affidavit of the survivor of such miner or other persons with knowledge of the miner's physical condition, demonstrates the presence of a totally disabling respiratory or pulmonary impairment.
 
 
 [3]
 The 727.203(a) presumption is rebutted if:
 (1) The evidence establishes that the individual is, in fact, doing his usual coal mine work or comparable and gainful work ...; or
 (2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work ...; or
 (3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment; or
 (4) The evidence establishes that the miner does not, or did not, have pneumoconiosis.
 
 
 [20]
 C.F.R. § 727.203(b)
 
 
 [4]
 By order of May 16, 1990, this case was placed in abeyance to allow the Director time to apply for certiorari in Taylor
 
 
 [5]
 On appeal Honey Camp Coal claimed that the Black Lung Disability Trust Fund should be liable for any benefits due because the delay between the filing of the claim in 1973 and the ALJ's decision in 1987 violated its due process rights and warranted the application of the doctrine of laches. The claim was abandoned in Honey Camp's Supplemental Response Brief and at oral argument