Albert C. DAYTON, Petitioner,

v.

**CONSOLIDATION COAL COMPANY; Office of Workers' Compensation Program, Respondents.**

No. 89–3203.

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1989.

Decided Feb. 5, 1990.

**174**

Thomas Roy Michael, for Petitioner.

David Allen Barnette (Jackson & Kelly, Charleston, W. Va., on brief), Robert Edward Kirschman, Jr. (Jerry G. Thorn, Acting Sol. of Labor, Donald S. Shire, Associate Sol., for Black Lung Benefits; Sylvia T. Kaser, Washington, D.C., for Appellate Litigation, on brief), for Respondents.

Before WIDENER and HALL, Circuit Judges, and JOE F.

ANDERSON, Jr., District Judge for the District of South Carolina, sitting by designation.

WIDENER, Circuit Judge:

Albert C. Dayton seeks review of the decision of the Benefits Review Board affirming the denial of his claim for benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. §§ 901 *et seq.* Dayton contends that application of the interim Labor Department regulations' rebuttal provisions, 20 C.F.R. § 727.203(b), used by the Administrative Law Judge to find rebuttal of his claim, violates 30 U.S.C. § 902(f). Based largely on our decision in *Taylor v. Clinchfield Coal Company*, 895 F.2d 178 (4th Cir.1989), we agree and remand the decision for further consideration under the interim Health, Education and Welfare regulations' rebuttal provisions found in 20 C.F.R. § 410.490(c).

Dayton filed a claim for black lung benefits on November 26, 1979. The Department of Labor's Office of Workers' Compensation Programs made an initial finding of entitlement on the claim on June 12, 1980, and notified Consolidation Coal Company of its potential liability as the responsible operator in the case. Consolidation filed a controversion and requested a formal hearing. The case was heard before an administrative law judge on March 28, 1985.

The parties stipulated that Dayton had demonstrated 17 years of coal mine employment and that Consolidation was the responsible operator. The ALJ evaluated Dayton's claim under the interim labor regulations found at 20 C.F.R. § 727.203. He held that Dayton was entitled to invoke the presumption that he was totally disabled due to pneumoconiosis arising out of coal mine employment under § 727.203(a)(2) on the basis of three qualifying ventilatory studies. The ALJ also found, however, that Consolidation had rebutted this presumption by showing a lack of total disability under § 727.203(b)(2) and that claimant did not have coal workers' pneumoconiosis under § 727.203(b)(4).

Dayton appealed the ALJ's decision to the Benefits Review Board. The Board noted that no challenge was made to the ALJ's determination that Dayton was entitled to invoke the interim presumption under § 727.203(a)(2), but it upheld the ALJ's decision that Consolidation had rebutted Dayton's claim under § 727.203(b)(4). The Board stated that it was not necessary to address the ALJ's finding of rebuttal under § 727.203(b)(2) and did not reach that issue.

■ Dayton filed a timely petition for review from the Board's decision with this court. Dayton contends that under § 410.490 a coal operator may only rebut the interim presumption by showing that a claimant is in fact doing or is capable of doing his previous coal mine work or comparable work. *Broyles v. Director, OWCP,* 824 F.2d 327, 329 (4th Cir.1987); *Couch v. Secretary of HEW,* 774 F.2d 163, 166 (6th Cir.1985); *Vintson v. Califano,* 592 F.2d 1353, 1356, n. 3 (5th Cir.1979). See *Pittston Coal Group v. Sebben,* 488 U.S. 105, ――, 109 S.Ct. 414, 416, 102 L.Ed.2d 408 (1988). In *Sebben,* the court stated that a coal operator may also rebut a presumption of causation arising under § 410.416. In any event, Dayton argues that under § 410.490, an operator may not rebut by challenging, as Consolidation did in this case, the existence of coal workers' pneumoconiosis. Thus, § 410.490 is less restrictive than § 727.203, and under 30 U.S.C. § 902(f) and our interpretation of that statute in *Broyles,* he is entitled to have his claim evaluated under the more lenient rebuttal provisions of § 410.490(c).

Our decision in *Taylor* agrees with Dayton's reasoning and is controlling on this issue. In *Taylor* we hold today that the literal language of 30 U.S.C. § 902(f) requires that a claimant who filed after July 1, 1973, but before April 1, 1980, may not be treated less favorably, so far as the criteria under which his claim is analyzed go, than a claimant who filed under the interim HEW regulations on June 30, 1973. Thus, regardless of whether the interim presumption is invoked under § 727.203 or § 410.490, he must have his claim adjudicated under the less restrictive rebuttal standards of § 410.490.

■ Consolidation argues that the ALJ also found that the presumption was rebutted under § 727.203(b)(2) in that Dayton "is able to do his usual coal mine work or comparable and gainful work. . . ." Since this is similar to rebuttal pursuant to § 410.490(c)(2), Consolidation urges that this finding satisfies the requirements this court set down in *Broyles* and justifies affirmance of the Benefits Review Board's decision. We cannot agree. In its decision in this case, the Board clearly stated that since it was upholding the ALJ's decision on the basis of rebuttal under § 727.203(b)(4) it was unnecessary to address whether or not the ALJ's decision on rebuttal under § 727.203(b)(2) was correct. In reviewing a ruling of an administrative agency we must confine ourselves to the grounds upon which the agency based its action. *Securities and Exchange Commission v. Chenery Corporation,* 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943). The Board based its affirmance of the ALJ's ruling on rebuttal under § 727.203(b)(4), which, under 30 U.S.C. § 902(f) and *Taylor,* should not have been available to the coal operator.

The Director argues that restricting coal operators to only those rebuttal provisions allowed for in § 410.490 violates the operator's due process rights in that, under certain circumstances, it creates an irrebuttable presumption in favor of a claimant. While the Director poses an interesting question, we will have no opportunity to address it in this case because the question is not properly before us.

■ A court may not pass upon a constitutional issue unless the question is raised by a party whose interests entitle him to raise it. *Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 341, 56 S.Ct. 466, 480, 80 L.Ed. 688 (1936) (Justice Brandeis concurring). The Director here does not pursue a due process challenge in his own right; he argues that our construction of § 902(f) violates the coal operator's due process rights. A court, however, will not pass upon the constitutional validity of

a statute "upon complaint of one who fails to show that he is injured by its operation.... Thus, the challenge by a public official interested only in the performance of his official duty will not be entertained." *Ashwander,* 297 U.S. at 348, 56 S.Ct. at 483. Consolidation made no mention of this due process argument in its brief here, so we do not consider this issue on appeal. *Keller v. Prince George's County,* 827 F.2d 952, 954 n. 1 (4th Cir.1987).

Accordingly, we remand this case to the Benefits Review Board for further remand to an ALJ to determine if the evidence meets the rebuttal provisions under § 410.490, as well as those under § 410.416 if the miner relies upon § 410.416.

REVERSED AND REMANDED WITH INSTRUCTIONS *.

---

* We note that the Board stated that its affirmance of the ALJ's determination under § 727.203(b)(4) of no pneumoconiosis precluded entitlement under § 410.490. Since the ALJ should not have considered rebuttal under § 727.203(b)(4), this finding is superfluous and has no bearing on the case.