914 F.2d 1491
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James E. MARTIN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Respondent.
 No. 88-2188.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 15, 1990.
Decided Sept. 24, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (87-616 BLA).
 James E. Martin, petitioner pro se.
 Barbara J. Johnson, Paula A. Lincoln, Cathryn Celeste Helm, Donald Steven Shire, Patricia May Nece, Lawrence W. Rogers, United States Department of Labor, Washington, D.C., for respondent.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before DONALD RUSSELL, PHILLIPS, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 James E. Martin seeks review of the decision of the Benefits Review Board affirming the denial of his claim for benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq. (the Act). Based on our decisions in Taylor v. Clinchfield Coal Co., 895 F.2d 179 (4th Cir.1990), and Dayton v. Consolidation Coal Co., 895 F.2d 173 (4th Cir.1990), we remand the decision for further consideration.
 
 
 2
 The administrative law judge (ALJ) found that Martin had 35 years of coal mine employment and invoked the interim presumption of 20 C.F.R. Sec. 727.203(a). He then found rebuttal of the interim presumption pursuant to 20 C.F.R. Sec. 727.203(b)(3) and denied benefits. The Benefits Review Board affirmed as supported by substantial evidence. The Board did not address 20 C.F.R. Sec. 410.490, except to say that the ALJ's failure to address it was harmless error since it affirmed the finding of (b)(3) rebuttal. Martin filed a timely petition for review with this Court.
 
 
 3
 The literal language of 30 U.S.C. Sec. 902(f) requires that a claimant who filed after July 1, 1973, but before April 1, 1980, may not be treated less favorably than a claimant who filed under the interim regulations on June 30, 1973.* Thus, whether the interim presumption is invoked under Sec. 727.203 or Sec. 410.490, rebuttal of the presumption must be measured under the less restrictive rebuttal standards of Sec. 410.490. Dayton, 895 F.2d at 175. Because the ALJ in the instant case found rebuttal based on Sec. 727.203(b)(3), a method of rebuttal not found in Sec. 410.490, we remand to the Board for further remand to the ALJ to determine if the evidence in the case meets the rebuttal provisions under Sec. 410.490(c). We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 Although Martin's initial application was filed prior to July 1, 1973, under Part B of the Act, his claim became a Part C filing subject to review under the 20 C.F.R. Part 727 cirteria when he elected review of his claim, which had been previously denied by the Social Security Administration, under Section 435 of the Act. See 30 U.S.C. Sec. 945(a)(4)