931 F.2d 886
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CLINCHFIELD COAL COMPANY, Petitioner,
v.
Virginia E. COOLEY, Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 90-1497.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 20, 1990.
Decided May 3, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (87-3525-BLA)
 Michael F. Blair, Penn, Stuart, Eskridge & Jones, Abingdon, Va., for petitioner.
 Vernon M. Williams, Wolfe & Farmer, Norton, Va., Robert F. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Barbara J. Johnson, Counsel for Appellate Litigation, Russell A. Shultis, United States Department of Labor, Washington, D.C., for respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before PHILLIPS, WILKINS and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Clinchfield Coal Company ("Clinchfield") petitions for review of a decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") decision to award survivor's benefits to Virginia Cooley under the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq. We affirm.
 
 
 2
 In his decision and order, the ALJ considered claims filed by the deceased miner, Adam Cooley, and his surviving widow, Virginia Cooley. He denied the miner's application but awarded benefits on the survivor's claim on the grounds that the employer never filed a controversion to the survivor's claim, and never contested the deputy commissioner's proposed decision and order finding Virginia Cooley entitled to survivor's benefits. In affirming the ALJ's decision to award survivor's benefits, the Board found it unnecessary to decide whether the survivor's claim was controverted, since the employer did not object before the Board to the ALJ's finding that the employer never responded to the deputy commissioner's proposed decision and order, and the employer was notified that the decision would become final within thirty days if it did not respond.
 
 
 3
 Initially, we note that in reviewing a ruling of an administrative agency, we must confine ourselves to the grounds upon which the agency based its action. Dayton v. Consolidation Coal Co., 895 F.2d 173 (4th Cir.1990), cert. granted, 59 U.S.L.W. 3325 (U.S. Oct. 29, 1990) (90-114). In this case, the Board did not address whether the employer controverted the survivor's claim. We therefore decline to address the parties' arguments relating to that issue.
 
 
 4
 Further, we find Clinchfield's argument that the Board erred in finding that it failed to challenge the ALJ's finding of no controversion to be irrelevant to the ground upon which the Board based its decision. The Board recognized the employer's challenge to the ALJ's finding of no controversion, but found it unnecessary to resolve this issue for the reason already stated.
 
 
 5
 Next, we affirm the Board's finding that Clinchfield's failure to contest the deputy commissioner's December 2, 1983, proposed decision and order awarding survivor's benefits to Virginia Cooley rendered that proposed decision a final decision binding upon Clinchfield.[1] The applicable regulation permitted Clinchfield thirty days to respond to the proposed decision and order. See 20 C.F.R. Sec. 725.419. The regulation provides that the failure to timely respond to the proposed decision and order renders the proposed decision and order a "final decision and order," effective upon the expiration of the thirty day period. The regulation goes on to state that once a proposed decision and order becomes final "all rights to further proceedings with respect to the claim shall be considered waived...." Id.
 
 
 6
 Clinchfield argues that it should not be bound by the proposed decision and order because, even though the document was sent to the coal company, copies were never sent to counsel. We, however, hold that any objections Clinchfield may have had to the service of the proposed decision and order were waived by its failure to raise this issue before the Board.
 
 
 7
 In South Carolina v. United States Dep't of Labor, 795 F.2d 375 (4th Cir.1986), we stated: "It is well established that parties to an agency proceeding must raise 'at the time appropriate under [the agency's] practice' all issues which it intends to assert on appeal." Id. at 378 (citing cases). Board regulations and case law require parties appearing before it to specify all errors allegedly committed by the ALJ. See 20 C.F.R. Sec. 802.211; Sarf v. Director, OWCP, 10 BLR 1-119 (1987). Clinchfield's failure to object to alleged defects in the service of the proposed decision and order before the Board therefore precludes it from raising that contention before this court.
 
 
 8
 The decision of the Board is therefore affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Clinchfield has never challenged the ALJ's finding that it failed to respond to the proposed decision and order, and the record does not indicate that Clinchfield ever responded