944 F.2d 903
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
VALLEY CAMP COAL COMPANY, Petitioner,
v.
Jean SHACKLEFORD, widow of Edward F. Shackleford, Director,
Office of Workers' Compensation Programs, United
States Department of Labor, Respondents.
 No. 90-2629.
 United States Court of Appeals, Fourth Circuit.
 Sept. 23, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (85-790-BLA, 86-1331-BLA)
 Argued: Ronald Bruce Johnson, Volk, Frankovitch, Anetakis, Recht, Robertson & Hellerstedt, Wheeling, W.Va., for petitioner; Timothy Francis Cogan, O'Brien, Cassidy & Gallagher, L.C., Wheeling, W.Va., for respondents.
 On Brief: Peter R. Rich, Volk, Frankovitch, Anetakis, Recht, Robertson & Ehllerstedt, Weirton, W.Va., for petitioner; Ronald G. Ray, Sr., Office of the Solicitor, United States Department of Labor, Michael J. Denney, Counsel for Appellate Litigation, United States Department of Labor, Washington, D.C., for respondents.
 Ben.Rev.Bd.
 REVERSED AND REMANDED.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and JOHN C. GODBOLD, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This claim for benefits under the Black Lung Benefits Act of 1977, 30 U.S.C.A. § 901 et seq. (1986 & West Supp.1990), was brought by Respondent Jean Shackleford, widow of the miner Edward F. Shackleford, who died January 8, 1981. The Supreme Court's recent decision in Pauley v. Bethenergy Mines, Inc., 111 S.Ct. 2524 (1991), requires that we reverse the order of the Benefits Review Board granting benefits and reinstate the order of the administrative law judge which denied benefits on the ground that Petitioner Valley Camp Coal Company presented substantial evidence that Shackleford's disability and death did not arise in whole or in part out of coal mine employment.
 
 
 2
 The Black Lung Benefits Act provides benefits to former coal mine employees who are totally disabled because of pneumoconiosis. Black lung benefit claims filed before July 1, 1973 were evaluated according to "interim" regulations promulgated by the former Department of Health, Education and Welfare (HEW), including 20 C.F.R. § 410.490. These regulations were part of Part B of the Black Lung Benefits Act to be administered by HEW. Section 410.490 provides that a miner can establish a rebuttable presumption of total disability due to pneumoconiosis by meeting certain criteria. 20 C.F.R. § 410.490(b) (1990). The employer can rebut the presumption of total disability by evidence that the miner is doing his usual coal mine work or comparable and gainful work, or is able to do such work. 20 C.F.R. § 410.490(c) (1990).
 
 
 3
 In 1977, Congress amended the Black Lung Benefits Act and directed the Secretary of Labor to establish permanent regulations to be applied to claimants under Part C of the Act, which was to be administered by the Department of Labor (DOL). Congress also instructed the Secretary to reopen claims that had been denied prior to the effective date of the 1977 amendments. 30 U.S.C.A. § 945 (1986). In adjudicating these reopened claims, DOL was to apply criteria that were "not more restrictive than criteria applicable to a claim filed on June 30, 1973." 30 U.S.C.A. § 902(f)(2) (1986).
 
 
 4
 In response to this mandate, the Secretary promulgated the regulations found in 20 C.F.R. Part 727. Section 727.203 provides for a presumption of total disability similar to, but more restrictive than, the one found in Section 410.490. With regard to rebuttal, Section 727.203 not only includes the criteria featured in Section 410.490 (which are enumerated at subsections (b)(1) and (b)(2) of Section 727.203), but also permits two additional means of rebuttal: (b)(3) if the total disability or death of the miner "did not arise in whole or in part out of coal mine employment"; and (b)(4) if the miner "does not, or did not, have pneumoconiosis." 20 C.F.R. § 727.203(b) (1990). The regulations of Part 727 were to be applied to claims, such as Shackleford's, of miners with more than ten years' coal mine employment which were filed after July 1, 1973 but before April 1, 1980. The result was the denial of many claims which would have satisfied the Section 410.490 criteria. An appeal of one of these claim denials eventually came before the Supreme Court.
 
 
 5
 In Pittston Coal Group v. Sebben, 488 U.S. 105 (1988), the Court held that the Section 727.203 criteria for invoking the presumption of disability violated Section 902(f)(2) of the Black Lung Benefits Act because they were more restrictive than the comparable criteria in Section 410.490. However, the Court in Sebben expressly reserved the question of whether the rebuttal criteria of Section 727.203 also violate Section 902(f)(2). Subsequent to Sebben, this Circuit held that the rebuttal criteria in the DOL regulations are more restrictive than those of Section 410.490 and thus violate Section 902(f)(2). Taylor v. Clinchfield Coal Co., 895 F.2d 178 (4th Cir.), cert. granted, 111 S.Ct. 340 (1990); Dayton v. Consolidation Coal Co., 895 F.2d 173 (4th Cir.), cert. granted, 111 S.Ct. 340 (1990). The teaching of these cases appeared to be that claims found to be rebutted under Section 727.203(b) must not be denied unless they also qualify for rebuttal under Section 410.490.
 
 
 6
 Shackleford's initial claims hearing before an administrative law judge (ALJ) was held in 1985, prior to the issuance of this precedent. The ALJ found that Shackleford had successfully established the interim presumption of total disability or death due to pneumoconiosis arising out of coal mine employment pursuant to Section 727.203(a)(1). Nevertheless, the ALJ further found that Petitioner Valley Camp Coal Company (Valley Camp) had rebutted this presumption by means of Section 727.203(b)(3), which permits rebuttal on substantial evidence that the deceased miner's disability or death did not arise in whole or in part out of coal mine employment. Therefore, the ALJ denied benefits to Shackleford.
 
 
 7
 By the time Shackleford's appeal reached the Benefits Review Board in 1989, the appearance of Sebben, Taylor, and Dayton had affected the procedure for evaluating such claims. The Board found that substantial evidence supported the ALJ's determination of rebuttal under Section 727.203(b)(3). Nevertheless, the Board held that, in the light of Sebben, Shackleford's claim must also be considered under Section 410.490. The Board determined that, as there was substantial evidence to show that at the time the claim was filed Shackleford was not doing and could not do his coal mine work or comparable work, Section 410.490 did not permit the presumption of disability to be rebutted. Consequently, the Board granted benefits to Shackleford, holding that he had established entitlement under Section 410.490.
 
 
 8
 During the pendency of Valley Camp's appeal to this court, the law pertinent to these claims changed yet again. Our decisions in Taylor and Dayton were explicitly reversed by the Supreme Court in Pauley v. Bethenergy Mines, Inc., 111 S.Ct. 2524, 2538 (1991). In Pauley the Court held specifically that the third and fourth rebuttal provisions in the DOL regulations do not render those regulations more restrictive than the HEW regulations. Citing precedent for judicial deference to agency implementation of policy-making authority delegated by Congress, the Court found that the rebuttal provisions of Section 410.490 constitute a reasonable administrative interpretation of Section 902(f)(2) of the Black Lung Benefits Act. 111 S.Ct. at 2538.
 
 
 9
 Under the law as established by Pauley, we must reverse the decision of the Benefits Review Board. See Amigo Smokeless Coal Co. v. Director, OWCP, 642 F.2d 68, 69 (4th Cir.1981) (appellate court reviews Benefits Review Board decisions for errors of law). Because the ALJ's denial of benefits under the rebuttal criterion of Section 727.203(b)(3) is supported by substantial evidence, we remand to the Benefits Review Board with instructions to reinstate the ALJ's order. See Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189-90 (4th Cir.1985) (findings of fact in ALJ decision under review are conclusive if supported by substantial evidence in the record considered as a whole).
 
 
 10
 REVERSED AND REMANDED.