946 F.2d 884
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BISHOP COAL COMPANY, Petitioner,
v.
John A. BALL, Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 90-1018.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1991.
Decided Oct. 17, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (88-1870-BLA)
 Douglas Allan Smoot, Jackson & Kelly, Charleston, W.Va., for petitioner.
 John A. Ball, pro se.
 Michael John Denney, Michelle Seyman Gerdano, Melissa K. Reardon Henry, Richard Zorn, United States Department of Labor, Washington, D.C., for respondents.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and BUTZNER,* Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Bishop Coal Company seeks review of the Benefits Review Board's decision and order reversing an administrative law judge's (ALJ) denial of black lung benefits pursuant to 30 U.S.C. §§ 901-945. We placed this case in abeyance pending the decision of the Supreme Court in Pauley v. Bethenergy Mines, Inc., 59 U.S.L.W. 4778 (U.S. June 24, 1991). The Supreme Court's recent decision in Pauley now requires that we remand the instant case for further proceedings.
 
 
 2
 This case arises under Part 727 of the applicable regulations. The ALJ found the evidence sufficient to invoke the interim presumption pursuant to 20 C.F.R. § 727.203(a)(3), but also sufficient to rebut the presumption pursuant to § 727.203(b)(4). The Board found that our decision in Taylor v. Clinchfield Coal Co., 895 F.2d 173 (4th Cir.1990), precluded rebuttal of the presumption pursuant to subsection (b)(4). The Board further concluded that since rebuttal could not be established by any other method in this case, an award of benefits was required as a matter of law.
 
 
 3
 Because of the Supreme Court's decision in Pauley, the law has changed since the Board rendered its decision. Pauley holds that the interim presumption, whether invoked pursuant to § 727.203 or § 410.490, is subject to rebuttal pursuant to subsection (b)(4). See Pauley, 59 U.S.L.W. at 4784, 4785. Since the Board has not yet reviewed the merits of the ALJ's subsection (b)(4) rebuttal finding, we remand for consideration of this issue.
 
 
 4
 Accordingly, the decision of the Board is vacated and the case is remanded for further consideration consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately reflected in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 VACATED AND REMANDED.
 
 
 
 *
 Senior Judge Butzner did not participate in consideration of this case. The opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d)