946 F.2d 889
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
WINDSOR COAL COMPANY, Petitioner,
v.
Paul HUSICK, Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 90-2742.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1991.
Decided Oct. 17, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (88-2970-BLA)
 David Lynn Yaussy, Robinson & McElwee, Charleston, W.Va., for petitioner.
 Sanford Alan Meizlish, Barkan & Neff, Columbus, Ohio, Roscoe Conklin Bryant, III, Michael John Denney, United States Department of Labor, Washington, D.C., for respondents.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before K.K. HALL* and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Windsor Power House Coal Company seeks review of the Benefits Review Board's decision and order affirming an administrative law judge's ("A.L.J.") award of black lung benefits pursuant to 30 U.S.C. §§ 901-945 (1991). We placed this case in abeyance pending the decision of the Supreme Court in Pauley v. Bethernergy Mines, Inc., 59 U.S.L.W. 4778 (U.S. June 24, 1991). The Supreme Court's recent decision in Pauley requires that we now remand the instant case for further proceedings.
 
 
 2
 This case arises under Part 727 of the applicable regulations. The A.L.J. found the evidence sufficient to invoke the interim presumption pursuant to 20 C.F.R. § 727.203(a)(2) and (4), and further found that the employer failed to rebut the presumption pursuant to § 727.203(b)(1)-(4), entitling claimant Paul Husick to an award of benefits. On appeal to the Board, employer argued that the A.L.J. erred by failing to find rebuttal pursuant to subsection (b)(4). Relying on our decision in Taylor v. Clinchfield Coal Co., 895 F.2d 173 (4th Cir.1990), the Board found this method of rebuttal no longer available and, accordingly, affirmed.
 
 
 3
 Because of the Supreme Court's decision in Pauley, the law has changed since the Board rendered its decision. Pauley holds that the interim presumption, whether invoked pursuant to § 727.203 or § 410.490, is subject to rebuttal pursuant to subsection (b)(4). See Pauley, 59 U.S.L.W. at 4784, 4785. Since the Board has not yet fully reviewed the merits of the A.L.J.'s subsection (b)(4) rebuttal finding, we remand for consideration of this issue.
 
 
 4
 Accordingly, the decision of the Board is vacated and the case is remanded for further consideration consistent with this opinion.
 
 
 5
 VACATED AND REMANDED.
 
 
 
 *
 Judge Hall did not participate in consideration of this case. The opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d)