953 F.2d 637
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Albert C. DAYTON, Petitioner,
v.
CONSOLIDATION COAL COMPANY; Office of Workers Compensation
Programs, Respondents.
 No. 89-3203.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 12, 1991.
Decided Jan. 13, 1992.
 
 On Remand from the Supreme Court of the United States, No. 90-114.
 Thomas Roy Michael, Michael & Kupec, Clarksburg, W.Va., for petitioner.
 David Allen Barnette, Jackson & Kelly, Charleston, W.Va., Jerry G. Thorn, Acting Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Sylvia T. Kaser, Counsel for Appellate Litigation, Robert Edward Kirschman, Jr., United States Department of Labor, Washington, D.C., for respondents.
 S.Ct. [ON REMAND FROM 111 S.CT. 2524].
 REVERSED AND REMANDED.
 Before WIDENER and K.K. HALL, Circuit Judges, and JOSEPH F. ANDERSON, JR., United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 On June 24, 1991, the Supreme Court reversed our earlier judgment and remanded this case for further proceedings. Pauley v. BethEnergy Mines, Inc., 111 S.Ct. 2524 (1991), rev'g, Dayton v. Consolidation Coal Co., 895 F.2d 173 (4th Cir.1990). The Court ruled, contrary to our holdings in this case and in Taylor v. Clinchfield Coal Co., 895 F.2d 178 (4th Cir.1990), that the rebuttal criteria available under the Department of Labor's interim regulations, 20 C.F.R. Part 727, are not "more restrictive than" the criteria formerly applied by the Department of Health, Education and Welfare under interim regulations at 20 C.F.R. Part 410. Though we apply the Part 727 rebuttal criteria, we adhere to our earlier judgment, and reverse.
 
 I.
 
 2
 The administrative law judge (ALJ) found rebuttal established under 20 C.F.R. § 727.203(b)(2) (the claimant is able to do his usual coal mine work) and (b)(4) (the claimant does not have pneumoconiosis). The Benefits Review Board (BRB) affirmed only the (b)(4) rebuttal, and did not address (b)(2). Accordingly, in our first opinion, we held that Securities and Exchange Comm'n v. Chenery Corp., 318 U.S. 80, 95 (1943), precluded affirmance based on (b)(2) rebuttal. The Supreme Court did not address this holding, and we maintain it.
 
 
 3
 Consequently, the only issue remaining is whether substantial evidence supported the ALJ's conclusion that the employer rebutted the interim presumption by showing that Dayton does not have pneumoconiosis.
 
 II.
 
 4
 All of the physicians, including those offered by the employer, agree that Dayton has a respiratory impairment. The employer's physicians suggest that his disability is caused by obesity and cigarette smoking.* However, these opinions suffer from various defects. Dr. Jones found no evidence of "pneumoconiosis," but did not address whether Dayton's pulmonary condition was related to dust exposure; accordingly, his opinion provides no evidence to rebut the presumption that Dayton suffers from "pneumoconiosis" in its legal, as opposed to its narrow clinical, sense. Dr. Bellotte said that Dayton's emphysema is "probably related to his smoking history," and "little of this impairment is due to any coal dust exposure." (Emphasis added.) Dr. Renn did state flatly that "to a reasonable degree of medical certainty," Dayton's emphysema resulted from cigarette smoking; however, he offered no explanation of the basis of his opinion. Finally, the employer also offered the report of Dr. Kress, who did not conduct a physical exam of the claimant. From his review of the reports of others, Dr. Kress offered the armchair opinion that "there is insufficient objective evidence to justify a diagnosis of coal worker's pneumoconiosis," and "I would not attribute [Dayton's emphysema] to his prior coal dust exposure, but would feel that it has to be related to his prior smoking habits." The claimant's experts, Dr. Rasmussen and Dr. Sine (his longtime treating physician) concluded that dust exposure contributed to his respiratory impairment.
 
 III.
 
 5
 The employer, perhaps sensing the infirmities of its rebuttal evidence, argues (at p. 7 of its brief) that "the expanded [that is, legal] definition of pneumoconiosis does not apply in this case." The employer does not cite anything in support of this astonishing conclusion. The Director, Office of Workers' Compensation Programs takes no position on the merits of the (b)(4) issue, but does urge that the legal definition of pneumoconiosis applies to (b)(4) rebuttal.
 
 
 6
 The Act specifically defines "pneumoconiosis," 30 U.S.C. § 902(b), and we see absolutely no reason why it should not carry that definition through every reference in the Act and regulations. Finally, we note that the employer conceded this point before the Supreme Court:
 
 
 7
 Rebuttal may be established under [§ 727.203(b)(4) ] if the proof affirmatively demonstrates that the miner does not have clinical pneumoconiosis (diagnosed by x-ray, biopsy or autopsy evidence) or so-called "legal" pneumoconiosis defined as a "respiratory or pulmonary impairment arising out of coal mine employment." Rebuttal of the [Part 727 interim] presumption is accomplished only by strongly persuasive evidence demonstrating the falsity of a presumed fact.
 
 
 8
 Brief of petitioners Clinchfield Coal Company and Consolidation Coal Company, U.S.Sup.Ct. Nos. 89-1714, 90-113 and 90-114 (December 13, 1990) (cites ommitted).
 
 
 9
 The employer cites a Fifth Circuit case that holds that emphysema is not pneumoconiosis. United States Steel Corp. v. Gray, 588 F.2d 1022 (5th Cir.1979). In reply, the claimant cites this circuit's rule, announced in Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 124 (4th Cir.1984), that the employer's rebuttal burden where multiple causes contribute to the disabling respiratory condition is to prove that the miner's "primary condition, whether it be emphysema or some other pulmonary disease, was not aggravated to the point of total disability by prolonged exposure to coal dust." As the employer admitted in the Supreme Court, this proof "is accomplished only by strongly persuasive evidence demonstrating the falsity of a presumed fact." Rebuttal evidence must be strongly persuasive, because doubts in the evidence must be resolved in favor of the claimant. Greer v. Director, OWCP, 940 F.2d 88 (4th Cir.1991). The medical reports submitted by the employer in this case do not meet this standard. Consequently, we hold that the ALJ's finding that the employer established rebuttal under § 727.203(b)(4) is not supported by substantial evidence, and the presumption that the miner suffers from pneumoconiosis stands.
 
 
 10
 The decision of the Benefits Review Board is reversed, and the claim is remanded with instructions to award benefits.
 
 
 11
 REVERSED AND REMANDED.
 
 
 
 *
 Dayton smoked a pack of cigarettes a day for twenty or more years, but stopped around 1970