953 F.2d 637
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Petitioner,
v.
Al Otis ARNOLD, Respondent.
 No. 90-1100.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 18, 1991.
Decided Jan. 22, 1992.
 
 On Petition for Review of an Order of the Benefits Review Board. (No. 88-0987-BLA)
 Al Otis Arnold, appellant pro se.
 Roscoe C. Bryant, III, Michael J. Denney, United States Department of Labor, Washington, D.C., for petitioner.
 Ben.Rev.Bd.
 VACATED IN PART AND REMANDED.
 Before DONALD RUSSELL and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The Director, Office of Workers' Compensation Programs ("Director"), appeals from a decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") award of black lung benefits to Al Arnold, a former coal miner. The ALJ evaluated Arnold's claim under 20 C.F.R. § 410.490 and found, based on Arnold's thirty-three years of coal mine employment and the Director's concession that the evidence established pneumoconiosis, that Arnold was entitled to a presumption that he suffered from totally disabling pneumoconiosis arising out of his coal mine employment. The ALJ further determined that the Director failed to rebut this presumption pursuant to section 410.490(c) and, accordingly, awarded benefits.
 
 
 2
 In affirming the award of benefits, the Board apparently agreed with the Director that the ALJ should have invoked the presumption pursuant to 20 C.F.R. § 727.203(a) rather than section 410.490(b), but found that an award of benefits was still required. The Board found that in view of our decisions in Dayton v. Consolidation Coal Co., 895 F.2d 173 (4th Cir.1990), and Taylor v. Clinchfield Coal Co., 895 F.2d 178 (4th Cir.1990), eliminating section 727.203(b)(3) as a means of rebutting the presumption, the Director could not establish rebuttal since he did not maintain that he could establish rebuttal under any provision except subsection (b)(3). The Board further found that even if subsection (b)(3) were available, the evidence in this case would be insufficient to establish rebuttal under Bethlehem Mines Corp. v. Massey, Inc., 736 F.2d 120 (4th Cir.1984).
 
 
 3
 The Supreme Court's recent decision in Pauley v. Bethenergy Mines, Inc., 501 U.S. ---- (1991), reversed our decisions in Taylor and Dayton and resurrected subsection (b)(3) as a means of rebutting the interim presumption, whether it is invoked pursuant to section 727.203 or section 410.490. The ALJ did not address subsection (b)(3) rebuttal since, prior to Pauley, subsection (b)(3) was not available to rebut the presumption if invoked pursuant to section 410.490. Although the Board concluded that even if subsection (b)(3) were available the evidence could not meet the Director's burden under Massey, we disagree with this conclusion.
 
 
 4
 Massey requires that the party attempting to establish rebuttal pursuant to subsection (b)(3) rule out any causal relationship between the miner's total disability and his coal mine employment. 736 F.2d at 124. However, in this case, the record contains uncontradicted medical reports from three physicians finding no pulmonary or respiratory impairment, and a report from a fourth physician finding little, if any, disability from pneumoconiosis. Based on this evidence, the ALJ could find that pneumoconiosis did not contribute to the miner's disability. See Oravitz v. Director, Office of Workers' Compensation Programs, 843 F.2d 738 (3rd Cir.1988) (Seitz, J., dissenting).
 
 
 5
 Accordingly, the decision of the Board is vacated and the case is remanded to the Board for further remand to the ALJ for consideration of subsection (b)(3) rebuttal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 VACATED IN PART AND REMANDED.